## WATSON v. STOTTS ET AL.

1, **Jury**: IMPROPER COMMUNICATION WITH: FINDING OF TRIAL COURT. The trial court, upon conflicting evidence, determined, in effect, that a certain alleged improper communication was not made to the jury while in deliberation. *Held* that this court could not interfere with such finding.

2. **Practice**: EXCEPTIONS TO INSTRUCTIONS. Exceptions to instructions, in order to secure consideration on appeal, must be taken either when the instructions are given, or within three days after verdict, as provided in Code, § 2789.

*Appeal from Audubon Circuit Court.*

FRIDAY, APRIL 23.

ACTION upon a promissory note. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendants appeal. .

*M. Nichol* and *Hanna & Mathews*, for appellants.

*J. M. & R. W. Griggs* and *Andrews, Stotts & Myers*, for appellee.

ADAMS, CH. J.—I. The defendants, after verdict, introduced two affidavits tending to show that a certain commu-

**1. JURY: improper communication with: finding of trial court.** nication was made by the deputy sheriff to the jury while they were deliberating upon their verdict; and that the jury were improperly influenced by the communication. The deputy sheriff was examined orally by the court, and denied that he made the communication as alleged. A motion for a new trial, based upon the alleged misconduct, was overruled, and the defendants assign the overruling of the same as error. Where, upon such question, there is a conflict in the evidence, the finding of the court must have the same force as the finding of the court upon any other question of fact arising in an action at law. We must assume that the court found that the alleged communication was not made, and we ˙cannot disturb the finding.

II. The defendants assign as error the giving of certain instructions. The plaintiff contends that they were not duly **2. PRACTICE: exceptions to instructions.** excepted to, and it appears to us that his position must be sustained. The abstract does not show that the instructions were excepted to at the time of the trial, nor that an exception was afterwards filed, with a statement of the ground of objection, as provided in section 2789 of the Code.

The judgment of the circuit court must be

AFFIRMED.